### DAVID A. MEESE, APPELLEE, v. CHARLES D. NIXON, APPELLANT.

#### FILED APRIL 23, 1910.   No. 16,005.

Statute of Frauds: INTEREST IN LAND. A contract by which two men agree together to construct a ditch upon the land of a third party is not a contract for an interest in land, and is not within the third section of the statute of frauds.

APPEAL from the district court for Nemaha county: LEANDER M. PEMBERTON, JUDGE. *Affirmed.*

*Kelligar & Ferneau,* for appellant.

*H. A. Lambert* and *J. S. McCarty, contra.*

SEDGWICK, J.

It is said in the brief that this case was begun in the county court and appealed to the district court. The petition in the district court alleged that the plaintiff and defendant entered into a verbal agreement to construct a ditch on the land of the plaintiff's wife, and that they, the plaintiff and defendant, employed one Moore to construct the ditch, and agreed to pay him $1 a rod for the same; that Mr. Moore constructed the ditch accordingly, and that the liability of the plaintiff and defendant to Moore therefor was $120; that the defendant neglected to pay his share to Moore, and that the plaintiff was compelled to pay the whole amount, and asked to recover one-half of the amount, $60 and interest thereon. the answer contained a general denial, and also con-

tained the allegation that the contract sued upon "is wholly void under the statute of frauds." The reason given in the answer is that it is a contract for an easement upon real estate, which must be in writing to be valid.

There is no assignment of errors in the brief, as the statute requires, but the brief cites the section of the statute of frauds which provides: "No estate or interest in lands, other than leases for a term not exceeding one year from the making thereof, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered, or declared, unless by operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering, or declaring the same." Comp. St. 1909, ch. 32, sec. 3. It is argued that the contract sued upon is within this section. This is the only point presented or discussed in the brief. *Schultz v. Huffman,* 127 Mich. 276, is the case relied upon by the defendant. It is said in the brief that it is a parallel case and the facts are similar, and that the law of that case should be applied here. The opinion in that case states the cause of action as set up in justice court in these words: "The plaintiff declared verbally on common counts in assumpsit, especially on a certain (verbal) contract, according to which the said defendant promised and agreed to pay said plaintiff $15 for the privilege of draining certain lands of said defendant into and through a drain owned and constructed by said plaintiff." The thing contracted for in that case was the privilege of draining through a drain belonging to another. Such a privilege would, of course, constitute an easement through the land. If this defendant was to have the right to drain his land through this ditch after it was constructed, that right was not provided for in the contract sued upon. If he had such a contract it was entirely separate from this one, and must have been with the owner of the land, and not with this plaintiff. It is substantially conceded

in the brief that, so far as the cause of action, as stated in the petition, is concerned, there is no room for the defendant's contention, but it appears to be insisted that the evidence shows that the contract in fact was for an easement upon real estate. This, of course, amounts to a contention that the evidence will not support the allegation of the petition. There does not appear to be very much ground for this contention. The evidence relied upon is quoted in the brief. It is a part of the cross-examination of the plaintiff. In this cross-examination the plaintiff was asked what the defendant was "to get out of this ditch", and he answered: "He was to get as much benefit as I was." In answer to similar questions the witness said that the defendant was to have the right to drain water through the ditch, and he was asked: "Now, was that the reason why he was agreeing with you, as you claim, to construct this ditch?"—and he answered: "Well, I don't know what his object was in helping to put this ditch in if it was not for his own benefit." He also testified that the defendant was going to do it for the benefit of his land, to drain his bottom land, etc. This evidence upon the cross-examination was merely an explanation of what the plaintiff supposed was the defendant's motive in entering into the contract; but, if the defendant entered into the contract, it makes no difference what his motive was in doing so. The contract as alleged and proved did not of itself entitle the defendant to any easement upon the lands of another. The plaintiff and defendant agreed together to construct a ditch upon the land of a third party, and agreed to pay the expenses thereby incurred, and that seems to be the whole of the contract. Upon this theory the court tried the case and instructed the jury, and the verdict is a fair response to the evidence.

The judgment of the district court is

AFFIRMED.